UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jaques J. Sullivan, | ) | Civil Action No.: 2:17-cv-00071-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Larry Cartledge, Warden, Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Jaques Jamar Sullivan, a state prisoner represented by counsel, filed the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 9, 2017. *See* [ECF No. 1]. Pending before the Court is Respondent's motion for summary judgment [ECF No. 10] pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This matter is before the Court with the Report and Recommendation (R & R) of United States Magistrate Judge Mary Gordon Baker.[1] [ECF No. 17]. The Magistrate Judge recommended granting the Respondent's motion for summary judgment and dismissing Petitioner's petition with prejudice. For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Facts and Procedural History**

On July 15, 2009, Petitioner was sentenced to twenty-five years in prison and a $50,000.00 fine for trafficking cocaine and five years in prison for possession of a weapon during a violent

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

crime. Petitioner's charges arose from a controlled buy involving an informant named Roddric Ingram. After Ingram contacted Petitioner and agreed to purchase cocaine, Petitioner was arrested at a nearby Burger King. Officers found 127.42 grams of cocaine and 8.48 grams of marijuana in Petitioner's possession. A subsequent search of Petitioner's home pursuant to a search warrant revealed an additional 84.11 grams of cocaine and a firearm.

In the instant petition for habeas corpus, Petitioner claims he was denied effective assistance of counsel because his defense counsel was operating under an actual conflict of interest. Petitioner claims his defense counsel was representing Ingram's (informant) girlfriend, Julia Anderson, on drug charges at the same time he was representing Petitioner.

The Magistrate Judge found Petitioner's claim to be without merit and recommended granting Respondent's motion for summary judgment. Petitioner timely filed objections to the Magistrate Judge's R&R.

## Legal Standards of Review

**I. Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a

de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id*.

## II. Summary Judgment Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record ...; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## III. Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's ineffective assistance of counsel claim, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th

3

Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." *Id*. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689; *see also, Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); *Spencer v. Murray*, 18 F.3d 229,233 (4th Cir. 1994) (court must "presume that

challenged acts are likely the result of sound trial strategy.").

To satisfy *Strickland's* prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The two prongs of the *Strickland* test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." *Spencer*, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. *Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir. 1998). Additionally, to obtain habeas corpus relief, Petitioner must establish that the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## **Discussion**

Petitioner claims his Sixth Amendment right to effective assistance of counsel was violated because his defense counsel operated under an actual conflict of interest. Petitioner's defense counsel allegedly represented Julia Anderson (girlfriend of the informant who set up the controlled buy that led to Petitioner's arrest) at the same time as his representation of Petitioner.

The Magistrate Judge, however, found there was no actual conflict of interest. The Magistrate Judge also stated that even if an actual conflict of interest existed, Petitioner had not produced any evidence that the conflict adversely affected his lawyer's performance.

In his objections, Petitioner argues that an actual conflict of interest existed because his trial

5

counsel represented Anderson at the same time he represented Petitioner. At most, however, Petitioner has shown a mere possibility of conflict.

In order to establish constitutionally deficient performance on the basis of an alleged conflict of interest, a defendant must establish that (1) "an actual conflict of interest" (2) "adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). To show an actual conflict of interest, a defendant must establish that his counsel "actively represented conflicting interests." *United States v. Dehlinger*, 740 F.3d 315, 322 (4th Cir. 2014). An actual conflict of interest is the "constitutional predicate" for an ineffective assistance claim. *Cuyler*, 446 U.S.at 350. The mere "possibility of conflict is insufficient to impugn a criminal conviction." *Dehlinger*, 740 F.3d at 322.

In this case, Petitioner has shown nothing more than a mere possibility of conflict. There is no evidence that Anderson was involved in Petitioner's case. Anderson was not a witness in Petitioner's case and was not involved in the controlled buy with Ingram and Petitioner. Ingram testified that he worked as a confidential informant with the explicit understanding that his charge would be dismissed. Ingram's testimony never mentions Anderson or any girlfriend. The Assistant Solicitor and trial counsel both testified that Anderson was not involved in Petitioner's case and Petitioner failed to present any evidence to the contrary. Under these facts, trial counsel was not operating under an actual conflict of interest because he was not actively representing conflicting interests. Because she was not involved in Petitioner's case, Anderson's interests did not conflict with Petitioner's.

Petitioner argues that a letter from the Assistant Solicitor to defense counsel dated June 12, 2009, establishes that defense counsel represented Anderson at the same time he represented

Petitioner and that this establishes a clear conflict of interest. *See* [ECF No. 9-1 at 362]. Even if Petitioner's trial counsel represented Anderson at the same time as Petitioner, there was no actual conflict of interest because Anderson was not involved in Petitioner's case. The June 12, 2009 letter does not establish an actual conflict of interest and does not establish that trial counsel was actively representing competing interests. Accordingly, the PCR court's finding that Petitioner failed to demonstrate an actual conflict of interest was not an unreasonable determination of the facts in light of the evidence presented during the PCR court proceeding.

Petitioner also objects to the Magistrate Judge's conclusion that any arguable conflict of interest did not adversely affect the proceeding. Even when an "actual conflict" is shown, "an adverse effect is not presumed." *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007) ("Nicholson I "). Instead, the defendant must separately prove that the conflict adversely affected his counsel's performance by satisfying the three-prong test set forth in *Mickens v. Taylor*:

> First, the [defendant] must identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued. Second, the [defendant] must show that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision.... Finally, the [defendant] must establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.

240 F.3d 348, 361 (4th Cir.2001) (en banc).

To support his argument that defense counsel's conflict adversely affected the proceeding, Petitioner points to defense counsel's alleged inadequate closing argument and failure to present evidence of a conspiracy between Anderson and Ingram to set up Petitioner. Petitioner, however, fails to identify a plausible alternative defense strategy that was objectively reasonable under the

7

facts of the case that defense counsel should have pursued.

The evidence of Petitioner's guilt was overwhelming. When Petitioner was arrested at the Burger King, Petitioner was in possession of 127.42 grams of cocaine and 8.48 grams of marijuana. A subsequent search of Petitioner's home pursuant to a search warrant recovered an additional 84.11 grams of cocaine and a firearm. Evidence that Anderson and Ingram may have conspired to set up Petitioner does not make Petitioner any less guilty of trafficking or possessing more than 211 grams of cocaine and possessing a firearm during the commission of a violent crime. *See* S.C. Code Ann. § 44-53- 370(e)(2); S.C. Code Ann. § 16-23-490(A). The PCR court's conclusion that any conflict resulting from defense counsel's representation of Anderson did not adversely affect the proceeding was not an unreasonable determination of the facts in light of the evidence presented.

Petitioner also objects to the R&R's conclusion that the "PCR judge found Farnsworth (trial counsel) to be credible." Petitioner argues the R&R overstates the PCR court's credibility finding. The PCR court stated: "[T]his Court finds trial counsel to be credible in his assertion that he did not recall discussing Anderson with the [Petitioner] and that he would not discuss one client with another." [ECF No. 9-1 at 358]. To the extent the R&R could be read to overstate the PCR court's credibility finding, this Court acknowledges that the PCR court specifically addressed credibility only as to trial counsel's statement that he did not recall discussing Anderson with the Petitioner and that he would not discuss one client with another.

Petitioner also objects to the R&R's failure to treat Petitioner's and his girlfriend's testimony as substantial evidence. Petitioner objects to the R&R's dismissal of their testimony as not credible when the PCR court did not make any such finding. Petitioner and his girlfriend testified that his trial counsel discussed Anderson with them during a meeting in his office and told them that

8

Petitioner's case arose from Anderson's charges. Petitioner suggests this evidence demonstrates an actual conflict of interest.

Even though the PCR court did not specifically find Petitioner and his girlfriend to be not credible, the PCR court found trial counsel's contrary testimony - that he did not recall discussing Anderson with Petitioner and would not discuss one client with another - to be credible. The PCR court clearly did not afford Petitioner's and his girlfriend's testimony substantial weight. Furthermore, because the testimony at the PCR hearing establishes that Anderson was not involved in Petitioner's case, the PCR court's determination that Petitioner failed to demonstrate that an actual conflict of interest adversely affected the proceeding was not an unreasonable determination of the facts in light of the evidence presented.

In conclusion, Petitioner has failed to demonstrate that an actual conflict of interest adversely affected his criminal proceeding. As a result, Petitioner cannot establish ineffective assistance of counsel under *Strickland* or *Cuyler*. Petitioner has failed to show constitutionally deficient performance by defense counsel or any resulting prejudice. Respondent is entitled to summary judgment and Petitioner's petition for writ of habeas corpus is due to be dismissed.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is

debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**Conclusion**

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, the Court overrules Petitioner's objections [ECF No. 20] and adopts and incorporates by reference the Report and Recommendation [ECF No. 17] of the Magistrate Judge.

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment [ECF No. 10] is **GRANTED**, and Petitioner's petition for writ of habeas corpus [ECF No. 1] is **DISMISSED with prejudice**. IT IS FURTHER ORDERED that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

March 28, 2018                                                           s/ R. Bryan Harwell
Florence, South Carolina                             R. Bryan Harwell
                                                                                              United States District Judge